**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **COREY CRAYTON,**<br>**Plaintiff,**<br>**v.**<br>**TYNIKA DUNN, et al.,**<br>**Defendants.** | **Civil Action No.**<br>**26-10091-FDS** |

# ORDER

**SAYLOR, J.**

By Memorandum and Order, the Court granted the motion of plaintiff Corey Crayton for leave to proceed *in forma pauperis* and advised him that his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). Dkt. No. 4. The Court's Memorandum and Order outlined the legal impediments to plaintiff's claims, including immunity of the judicial and probation defendants and the failure of the complaint to state a claim upon which relief can be granted. *Id.* Plaintiff was directed to file an amended complaint curing the pleading deficiencies if he wished to proceed with this action.

In response to the Memorandum and Order, plaintiff filed an amended complaint. Dkt. No. 6. In addition to again naming as defendants Tynika Dunn, Kaila Dunn, and Probation Officer Mongomery, the amended complaint also names as defendants a New Jersey judge, a New Jersey attorney, the State of New Jersey, and the Canton Probate Court. *Id.* It again recounts the 2013 parental termination proceedings in New Jersey, his efforts to seek custody of his son, and allegations that an abuse prevention order was improperly issued in Massachusetts. It asserts claims pursuant to 42 U.S.C. § 1983. *Id.*

The reassertion of the claims already raised and rejected is fruitless. The amended complaint does nothing to remedy the fatal pleading flaws in the original complaint. Just as the claims against the Massachusetts judge is barred by the doctrine of absolute judicial immunity, so too are the claims against the New Jersey state judge.

It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the Probate Court is an arm of the State, it is immune from federal suit under the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Although the complaint alleges a "conspiracy" among the defendants, it does not set out facts sufficient to suggest that the defendants conspired to violate plaintiff's constitutional rights. As a private citizen, plaintiff lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *accord Nieves-Ramos v. Gonzalez*, 737 F. Supp. 727, 728 (D. P.R. 1990) (same).

To the extent the complaint asks this Court to order visitation rights between plaintiff and his son and to lift the 2022 restraining order, either the Court is without subject-matter jurisdiction or the claim is barred by the Anti-Injunction Act, 28 U.S.C. § 2283.

As a general matter, under the domestic-relations exception to federal jurisdiction, federal courts do not have authority to hear cases involving family-law issues that fall within the traditional authority of the states. *See Barber v. Barber*, 62 U.S. 582, 584 (1858) ("We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony . . . ."); *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). A lawsuit seeking to "obtain, alter or end a divorce,

alimony or child custody decree," is outside the jurisdiction of the Court. *Dunn v. Cometa*, 238 F.3d 38, 41 (1st Cir. 2001) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).

The Anti-Injunction Act provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. It provides: "that federal courts cannot by injunction govern the conduct of state litigation," and that "federal courts must abstain from disrupting ongoing state litigation in all the most extraordinary situations." *Mannix v. Machnik*, 244 Fed. App'x 37, 39 (7th Cir. 2007) (Anti-Injunction Act prevented federal court from issuing an injunction to govern future proceedings in custody proceedings). Here, plaintiff seeks relief that falls squarely within the judicial action prohibited by the Anti-Injunction Act. *See, e.g., Szymonik v. Connecticut*, 807 Fed. App'x 97, 100 (2d Cir. 2020) (Anti-Injunction Act prevented federal court from issuing an injunction to require that the state family court allow husband in a divorce proceeding to file motions without leave of court); *Michael v. Family Div. of the Ct. of Common Pleas*, C.A. No. 25-02813, 2025 WL 1649917, at *3 (E.D. Pa. June 10, 2025) (Anti -Injunction Act prevented federal court from vacating a bench warrant issued in a pending child support action); *Rivera v. Reichl,* C.A. No. 25-00537, 2025 WL 1439582, at * (M.D. Pa. May 19, 2025) (Anti-Injunction Act prevented federal court from intervening in and enjoining the state court from continuing state divorce proceedings).

In short, the amended complaint does not "plausibly narrate a claim for relief." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Accordingly, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk shall enter a separate order of dismissal.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 9, 2026